10-857-ag
Sesay v. Holder

BIA
LaForest, IJ
A095 405 335

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of July, two thousand eleven.

PRESENT:
>JOHN M. WALKER, JR.,
>PIERRE N. LEVAL,
>ROSEMARY S. POOLER,
>>*Circuit Judges.*

_____

MOHAMED SESAY,
>*Petitioner,*

>v.                                                10-857-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Jason Wisecup, Trial Attorney, Office of Immigration Litigation; Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Sesay, a native and citizen of Sierra Leone, seeks review of a February 19, 2010, order of the BIA affirming the May 21, 2008, decision of Immigration Judge ("IJ") Brigitte LaForest denying Sesay's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mohamed Sesay*, No. A095 405 335 (B.I.A. Feb. 19, 2010), *aff'g* No. A095 405 335 (Immig. Ct. N.Y. City May 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The agency's factual findings, including adverse credibility determinations, are reviewed under the substantial evidence standard. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law, and the application of law to undisputed facts, are reviewed de

novo.  *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination.  We will not disturb adverse credibility determinations when they are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters."  *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).  In making the adverse credibility determination in this case, the IJ found Sesay not credible because of inconsistencies between his testimony and his statements in his amended asylum application regarding: (1) the length of time his father was missing after the rebels kidnaped him; (2) when his legs were burned during a rebel attack; and (3) when he left Sierra Leone.  As the IJ pointed out specific inconsistencies related to the rebel attacks on Sesay's family, there is no basis for reversal of the adverse credibility determination.  *See Zhou Yun Zhang*,

3

386 F.3d at 74; *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (providing that an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding); *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder" (internal citations omitted)).  We further find no error in the IJ's refusal to credit Sesay's explanations for the inconsistencies, as his explanations do not compel a finding of credibility.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); 8 C.F.R. § 1208.3(c)(2) (providing a rebuttable presumption that an asylum applicant is aware of the contents of the application at the time it is filed).

Because Sesay's withholding of removal and CAT claims share the same factual predicate, the IJ's adverse credibility determination precludes either form of relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006). Because the adverse credibility determination is dispositive, we do not reach the agency's alternate burden of proof findings.

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk